IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–33–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| DUSTIN MARK HENRY, | |
| Defendant. | |

This matter comes before the Court on the United States' Unopposed Motion for Final Order of Forfeiture. Having reviewed said motion, the Court FINDS:

1. In the indictment on file herein, the United States sought forfeiture of any firearms and ammunition, pursuant to 18 U.S.C. § 924(d) as property involved in a knowing violation of the offenses in the indictment;

2. On August 16, 2018, the defendant entered into a plea agreement (Doc. 18) wherein he agreed to a plea of guilty to Count I of the indictment on file herein which charged that the defendant was a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Moreover, pursuant to the plea agreement, the defendant has agreed to voluntarily forfeit to the United States his interest in the Smith and Wesson, model

1

M&P Shield, .40 caliber pistol and any ammunition that was involved in the offense;

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the Preliminary Order of Forfeiture became final as to Defendant Henry at the time of his sentencing on January 11, 2019, was made a part of Defendant's sentence and has been included in the criminal judgment entered by this Court against him;

4. The United States obtained a Preliminary Order of Forfeiture relating to the Smith & Wesson .40 caliber pistol, has duly published notice of the Preliminary Order of Forfeiture, and has also provided direct notice of the Order to all known interested parties;

5. No other third party has filed a claim to the firearm and, the time for all third parties to file such claims has expired;

6. The Bureau of Alcohol, Tobacco, Firearms and Explosives was able to raise the obliterated serial number and identify the true owner of the said Smith and Wesson firearm;

7. By virtue of said guilty plea, the United States is now entitled to forfeit the defendant's interest in the said property and return the property to the innocent owner, and based upon the uncontested statement of facts in the

Presentence Report, and the admissions contained in the plea agreement and made by Defendant at the change of plea hearing, the Court finds, pursuant to Rule 32.2(c)(2), that Defendant had an interest in the firearm;

8. Pursuant to Rule 32.2(c)(2), it is now appropriate for the Court to enter a final order of forfeiture with respect to the firearm.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the United States Motion for Final Order of Forfeiture is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Henry's right, title, and interest in the said firearm is forfeited and vested in the United States of America for disposition according to law.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Bureau of Alcohol, Tobacco, Firearms and Explosives, or its duly authorized designee, is ordered to the return the said firearm to the innocent owner.

DATED this 12th day of February, 2019.

Dana L. Christensen, Chief Judge
United States District Court